```
                                                          U.S. DISTRICT COURT
                                                          DISTRICT OF VERMONT
                                                                 FILED
               UNITED STATES DISTRICT COURT
                         FOR THE                          2011 NOV -9 PM 1:03
                   DISTRICT OF VERMONT
                                                               CLERK
                                                          BY_____PM_____
                                                              DEPUTY CLERK
```

| | |
|---|---|
| MELISSA F. SHEPARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:10-cv-323 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

### OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docs. 10, 17 & 19)

This matter came before the court for a review of the Magistrate Judge's October 12, 2011 Report and Recommendation (R & R) in the above-captioned matter (Doc. 19). Neither party has objected to the R & R, and the deadline for doing so has expired.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (1974).

In his eighteen page R & R, the Magistrate Judge carefully reviewed the factual record and the competing motions and determined that Administrative Law Judge ("ALJ") Thomas Merrill erred in adjudicating Melissa Shepard's claim for disability insurance benefits and corresponding application for supplemental security income. In particular, the Magistrate Judge concluded that the ALJ's determination that Ms. Shepard's earnings as a personal care assistant constituted substantial gainful activity ("SGA") was in error. The Magistrate Judge further concluded that the ALJ should have considered whether Ms. Shepard's personal care assistant job was done under "special conditions." 20 C.F.R. § 404.1573(c). Finally, the Magistrate Judge concluded that the ALJ's SGA determination could not be deemed harmless error.

The court agrees with the Magistrate Judge's conclusions and hereby ADOPTS the R & R as the Opinion and Order of this court. This case must therefore be remanded for a redetermination of whether Ms. Shepard engaged in SGA based upon a fully developed factual record, including consideration of whether Ms. Shepard's employment was performed under "special conditions."

For the foregoing reasons, the court hereby GRANTS Ms. Shepard's motion to remand and reverse (Doc. 10), DENIES the Commissioner's motion for an order affirming the ALJ's decision (Doc. 17) and REMANDS this case for proceedings consistent with this Opinion and Order.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 9th day of November, 2011.

Christina Reiss, Chief Judge
United States District Court